**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON QUINONES, | ) | CASE NO. 1:07-CV-3270 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| STUART HUDSON, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Jason Quinones ("Quinones"), challenges the constitutionality of his

convictions in the case of *State v. Quinones*, Cuyahoga County Court of Common Pleas Case

Nos. CR-435216, CR-437597 and CR-438531.  Quinones, *pro se*, filed a Writ of Habeas Corpus

(Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 23, 2007 with the United States District

Court for the Northern District of Ohio.  On March 21, 2008, Warden Stuart Hudson

("Respondent") filed his Answer/Return of Writ.  (Doc. No. 7.)  Quinones did not file a

Traverse.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.

For reasons set forth in detail below, it is recommended that Quinones's petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, factual determinations made by state courts "shall be presumed to be correct."

28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002).  The state appellate

court summarized the facts underlying Quinones's conviction as follows:

> From the record we glean the following:  In December of 2002, then twenty-one-year-old Quinones had sexual intercourse with three different girls: fourteen-year-old J.V.; fifteen-year-old R.S.; and twelve-year-old C.S., R.S.'s sister.  He was indicted for sexual offenses in three separate cases:  In CR-435216, he was charged with four counts of unlawful sexual conduct with a minor for having sex with J.V.; in CR-437597, he was charged with forcible rape of a child under the age of thirteen, kidnapping, [n. 3] intimidation, [n. 4] and obstructing official business [n. 5] with respect to his acts with C.S.; and in CR-438531, he was charged with unlawful sexual conduct with a minor and kidnapping for his acts with R.S.  The rape charge contained a sexually violent predator specification, [n. 6] and both kidnapping charges contained sexually violent predator specifications and sexual motivation specifications. [n. 7].  The intimidation and obstructing official business charges stemmed from allegations that Quinones encouraged C.S. to tell police that they did not have sex.

> FOOTNOTES

> 3 R.C. 2905.01.

> 4 R.C. 2921.04.

> 5 R.C. 2921.31.

> 6 R.C. 2941.148.

> 7 R.C. 2941.147.

> He pleaded guilty to two counts of unlawful sexual conduct with a minor in CR-435216; to rape of a child under age thirteen, with the force specification and sexually violent predator specification deleted in CR-437597; and to unlawful sexual conduct with a minor in CR-438531.  The judge ordered a psychiatric evaluation, as well as a presentence report, and held a sexual predator hearing at the time of sentencing.

> After the hearings, the judge adjudicated Quinones to be a sexual predator and sentenced him to prison terms of ten years for rape of C.S., eight months for unlawful sexual conduct with a minor, R.S., and eighteen months for each count of unlawful sexual conduct with a minor, J.V.

*State v. Quinones*, 2004 Ohio App. LEXIS 4072, 2004-Ohio-4485, ¶¶2-4 (Ohio Ct. App. Aug.

26, 2004).

-2-

## II. Post-Conviction Procedural History

**A.   Direct Appeal**

On November 3, 2003, Quinones, through new counsel, filed a timely Notice of Appeal

with the Court of Appeals for the Eighth Appellate District ("state appellate court").  (Doc. No. 7

Exh. 14.)  Quinones raised the following assignments of error:

1.    The evidence is insufficient, as a matter of law, to prove "by clear and convincing evidence" that appellant "is likely to engage in the future in one or more sexually oriented offenses.

2.    The trial court erred by imposing maximum consecutive sentences in violation of R.C. 2929.14, R.C. 2929.19 and R.C. 2929.11(B).

(Doc. No. 7, Exh. 15.)

On August 26, 2004, the state appellate court affirmed Quinones's convictions, but

vacated the sentences and remanded for re-sentencing in light of *Blakely v. Washington*, 542

U.S. 296 (2004).  (Doc. No. 7, Exh. 17.)

Quinones did not file an appeal, but the State of Ohio appealed the court's decision to the

Supreme Court of Ohio asserting that *Blakely* was inapplicable to the imposition of maximum or

consecutive sentences in Ohio.  (Doc. No. 7, Exh. 18.)  On January 28, 2005, the Supreme Court

of Ohio accepted the appeal and subsequently consolidated the appeal with *State v. Foster*, *State*

*v. Adams*, and *State v. Horn*.  (Doc. No. 17, Exhs. 19 & 20.)  The Supreme Court affirmed the

state appellate court's decision and remanded the matter to the trial court for re-sentencing

consistent with its decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470, 494 (Ohio

2006) *cert. denied*, 127 S. Ct. 442 (2006).  *Id*.  Quinones filed a motion for reconsideration,

which the Ohio Supreme Court denied on April 12, 2006.  (Doc. No. 7, Exhs. 21 & 22.)

**B.    Re-sentencing**

On June 1, 2006, represented by new counsel, Quinones was resentenced to an aggregate term of eleven years and six months incarceration with some portions of his sentence to be served consecutively.  (Doc. No. 7, Exhs. 23-25.)  Specifically, in Case No. 435216, Quinones received two eighteen month sentences on the two convictions for unlawful sexual conduct with a minor to be served concurrently with one another but consecutive to his sentence in case No. 437597.  *Id.*  In the latter case, he received a ten year sentence for his rape conviction.  *Id.* Finally, in Case No. 438531, he received a six month sentence that was to be served concurrently with his other sentences.  *Id.*

No timely appeal was taken from the resentencing.  However, on September 18, 2006, Quinones requested leave to file a delayed appeal.  (Doc. No. 7, Exh. 27.)  He alleged that he had instructed counsel to file an appeal from his new sentence but counsel failed to do so.  *Id.*  On October 18, 2006, the state appellate court denied leave to appeal.[1]  (Doc. No. 7, Exh. 29.)

On December 1, 2006, Quinones, *pro se*, filed an appeal with the Supreme Court of Ohio. (Doc. No. 7, Exh. 30.)  On February 28, 2007, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 7, Exh. 33.)

---

[1]  Had Quinones's motion for leave been granted, his anticipated assignments of error would have been the following: (1) "May a defendant be resentenced to a sentencing scheme in which factors relevant to imposing maximum consecutive sentences has been eliminated subsequent to the commission of the underlying crime," and (2) "Whether the evidence is insufficient to support convictions for unlawfully sexual conduct with a minor and kidnapping where records shows by clear and convincing evidence that appellant was incarcerated by the Ohio Department of Youth Services during the dates and times of the alleged incidents."  (Doc. No. 7, Exh. 27.)

## C.    Federal Habeas Petition

On October 23, 2007, Quinones filed a Petition for Writ of Habeas Corpus and asserted

the following grounds for relief:

> GROUND ONE: Petitioner was deprived of his liberty without due process of law
> when he was sentenced under a prejudicially altered, retroactively applied, and
> substantially disadvantageous statutory framework.
>
> GROUND TWO: Petitioner's conviction for unlawful sexual conduct with a
> minor in Case CR 438531 is not supported by sufficient evidence as Petitioner
> was incarcerated by the Ohio Department of Youth Services as a juvenile
> offender during the dates of the alleged acts.

(Doc. No. 1.)

### III.  Exhaustion and Procedural Default

Respondent contends that ground one of Quinones's petition is procedurally defaulted and

that ground two is unexhausted.  (Doc. No 7.)  State prisoners must exhaust their state remedies

prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This

requirement is satisfied "when the highest court in the state in which the petitioner was convicted

has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v.*

*Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  Quinones attempted to raise both of these claims

in a delayed appeal, but the state appellate court denied leave to appeal.  Thereafter, Quinones

appealed the decision to the Supreme Court of Ohio which dismissed the appeal without a

reasoned decision.

Although Quinones raised these claims before the Supreme Court of Ohio when he

challenged the state appellate court's denial of his motion to file a delayed appeal, this does not

cure his failure to pursue these issues in a manner that would have allowed the state appellate

court to consider his appeal on the merits.  "[S]tate prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking *one complete round* of the State's

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

(emphasis added).  A petitioner does not fairly present a claim to a state's highest court if that

court is procedurally barred from reviewing the claim on its merits.  *See Castille v. Peoples*, 489

U.S. 346, 351 (1989).  Ohio courts have long held that "reviewing courts do not consider

questions not presented to the court whose judgment is sought to be reversed."  *Goldberg v.*

*Indus. Comm. of Ohio*, 131 Ohio St. 399, 404, 3 N.E.2d 364 (Ohio 1936); *accord State ex rel.*

*Ohio Civil Serv. Employees Ass'n, Local 11 v. State Empl. Rels. Bd.*, 104 Ohio St. 3d 122, 124,

818 N.E.2d 688 (Ohio 2004); 4 O. Jur.3d, Appellate Review § 18.  Therefore, since the state

appellate court never had occasion to consider Quinones's claims on the merits due to his

unexcused delay, neither claim was presented to the Supreme Court of Ohio in a proper

procedural context. Consequently, both of Quinones's claims are unexhausted.

However, if relief is no longer available in state court, exhaustion can be rendered moot:

"If no remedy exists, and the substance of a claim has not been presented to the state courts, no

exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice

exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).  Here, relief for these

claims is no longer available to Quinones in state court.  Requiring him to attempt a second

delayed appeal pursuant to Ohio App. R. 5(A) would be futile.  Quinones has alleged that he

instructed counsel to file an appeal from his resentencing and that counsel failed to do so.  This

allegation of ineffective assistance of counsel was never raised in state court.  It is questionable

whether Quinones could have properly filed an application to reopen his appeal pursuant to Ohio

App. R. 26(B) as there was no direct appeal from his resentencing.  *See, e.g., State v. Skaggs*,

1999 Ohio App. LEXIS 4680 (Ohio Ct. App. Sept. 21, 1999) (applicant not allowed to reopen

his appeal pursuant to App. R. 26(B) where there was no appeal to reopen and despite

applicant's prior attempt to file a delayed appeal); *accord State v. Douglas*, 2008 Ohio App.

LEXIS 2642, 2008-Ohio-3133 at ¶9 (Ohio Ct. App. Jun. 24, 2008) (where there was no appeal

from the trial court's second imposition of a sentence, the applicant could not reopen an appeal

pursuant to App. R. 26(B)) (*citing State v. Loomer*, 76 Ohio St. 3d 398, 667 N.E.2d 1209 (Ohio

1996)).

    Although Respondent asserts that ground one is procedurally defaulted and ground two is

unexhausted, this Court declines to address the procedural default issue, and will instead proceed

to address the merits of Quinones's claims.  The United States Supreme Court has observed that

federal courts are not required to address a procedural default issue before deciding against a

petitioner on the merits.  *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).  The Sixth Circuit has

also approved this rule where the procedural default question is complicated and unnecessary to

the court's determination of the case.  *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003);

*Jackson v. Anderson*, 141 F.Supp.2d 811, 826-27 (N.D. Ohio 2001).[2]

---

[2]  Further complicating Respondent's procedural default argument is that it is based on
the state appellate court's denial of Quinones's motion to file a delayed appeal pursuant
to Ohio App. R. 5(A).  The Sixth Circuit, however, in *Deitz v. Money*, has held that the
denial of petitioner's motion to file a delayed appeal under App. R. 5(A) was not an
adequate basis to preclude habeas review.  391 F.3d 804, 810-11 (6th Cir. 2004).  The
Sixth Circuit reasoned that the decision to permit a delayed appeal was solely within the
discretion of the state appellate court and, therefore, was not a firmly established and
regularly followed procedural rule.  *Id*.  Respondent argues that the *Deitz* decision "was
incorrectly reasoned."  This Court, however, may not ignore the Sixth Circuit's holdings.

**IV.  Review on the Merits**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The

relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States

Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d

1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not

mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent"

also qualify as "clearly established law."  *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v.

Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's

decision involves an unreasonable application of clearly established federal law "if the state

court identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id.*  However, a federal

district court may not find a state court's decision unreasonable "simply because that court

concludes in its independent judgment that the relevant state court decision applied clearly

established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court

must determine whether the state court's decision constituted an objectively unreasonable

application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts

defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006)

(*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Ground One:** *Ex Post Facto*

In ground one of his petition, Quinones argues that the sentencing court violated his Sixth

Amendment right to a jury trial and that Ohio's post-*Foster* sentencing scheme amounts to an *ex*

*post facto* law.  (Doc. No. 1.)  Quinones's first argument is clearly without merit as the

sentencing court did not make a single judicial fact-finding upon re-sentencing that would

implicate the Sixth Amendment.

Quinones's argument that *Foster* created a retroactive sentencing scheme that was

tantamount to enacting an *ex post facto* law has been raised in other cases both in state and

federal courts.  However, each decision addressing this issue has found the argument to be

without merit.

As noted in *Rettig v. Jefferys*, 2007 U.S. Dist. LEXIS 97648, 24-25 (N.D. Ohio Dec. 17,

2007):

> Ohio courts have uniformly rejected *ex post facto* challenges to the *Foster*
> decision. *See, e.g., State v. Swann*, 171 Ohio App.3d 304, 314, 2007 Ohio 2010,

-9-

870 N.E.2d 754, 762 (Ohio Ct. App. 2007); *State v. Sharp*, 2007 Ohio 6324, 2007 WL 4200755, at *2 (Ohio Ct. App. 2007); *State v. McGhee*, 2006 Ohio 5162, 2006 WL 2796275, at *7 (Ohio Ct. App. 2006). *See generally United States v. Barton*, 455 F.3d 649, 657 (6th Cir.), *cert. denied*, 127 S. Ct. 748, 166 L. Ed. 2d 579 (2006) (*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not violate *ex post facto*).  The court in *McGhee* found no *ex post facto* violation because the defendant "knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because [he] was unlikely to amend his criminal behavior in light of a sentencing change."  *McGhee*, 2006 Ohio 5162, 2006 WL 2796275, at *7.  In *Sharp*, the court noted that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and *Foster* "did not judicially increase the range of his sentence." Sharp, 2007 Ohio 6324, 2007 WL 4200755, at *2.

In *Rettig*, the Court found these decisions persuasive.  *Id*.  While neither the Sixth Circuit nor the United States Supreme Court has addressed this issue, other decisions of this Court, as well as of the District Court for Southern District of Ohio, have squarely rejected the *ex post facto* argument in the *Foster* re-sentencing context.  *See, e.g., Watkins v. Williams*, 2008 U.S. Dist. LEXIS 47557 (N.D. Ohio Jun. 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, 2008 U.S. Dist. LEXIS 33822 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Hooks v. Sheets*, 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.)

In *Hooks*, the Southern District Court explained the *ex post facto* clause limits legislative powers and *not* judicial decisions.  2008 U.S. Dist. LEXIS 77612 at *8 (*citing Rogers v. Tennessee*, 532 U.S. 451, 456 (2001)).  The *Hooks* decision acknowledged that "retroactive judicial decision-making must comport with core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct."  *Id*. (citations omitted).  Nevertheless, the court found that neither *Blakely* nor *Foster* altered the range of potential penalties faced by a criminal defendant in Ohio.  *Id*.  This Court noted in *Lyles* that,

-10-

although Ohio's sentencing statutes may have been unconstitutional at the time the defendant was sentenced, Ohio law "gave [petitioner] fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts." 2008 U.S. Dist. LEXIS 33822 at *4.

The sentences Quinones ultimately received for each conviction were within the range permitted by statute at the time the offenses were committed. As such, Quinones cannot reasonably argue that he lacked notice of the possible penalties that the court could impose. Ground one is without merit.

**B.  Ground Two: Sufficiency of the Evidence**

In spite of his guilty plea, Quinones argues that his conviction in Case No. 438531 for unlawful sexual conduct with a minor was not supported by sufficient evidence. (Doc. No. 1.) Quinones argues that he was incarcerated as a juvenile offender by the Ohio Department of Youth Services on the dates set out in the indictment. *Id.*

The Due Process Clause requires that a criminal conviction be supported by proof beyond a reasonable doubt with respect to every fact necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *Id.*; *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). Here, there was no trial because Quinones opted to plead guilty.

-11-

Therefore, there is no evidence to review or consider on a sufficiency of the evidence claim. In essence, Quinones's guilty plea is a substitute for the evidence necessary to convict him. As noted by one of our fellow district courts in the Sixth Circuit, a petitioner's claim that "there was insufficient evidence to support his guilt is frivolous" where the petitioner pled guilty and such plea was intelligent and voluntary. *Morton v. Tessmer*, 1999 U.S. Dist. LEXIS 4587 at n. 7 (E.D. Mich. 1999). As noted by that court and the United States Supreme Court,

> [A] guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so -- hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial -- a waiver of his right to trial before a jury or a judge.

*Brady v. United States*, 397 U.S. 742, 748 (1970). Consequently, the *Morton* court found that "[p]etitioner's guilty plea alone constitutes sufficient evidence of his guilt ..." 1999 U.S. Dist. LEXIS 4587 at n. 7. Thus, absent a showing that his guilty plea was not intelligent and voluntary, Quinones's claim does not present a reviewable issue. Quinones's petition makes no arguments regarding whether his plea was knowingly or voluntarily entered.[3]

Finally, although Quinones frames his challenge to his conviction as a sufficiency of the

---

[3] Quinones never sought to withdraw his guilty plea, though it appears that he may do so at any time. Under Ohio Crim. R. 32.1, a trial court may allow a defendant to withdraw a guilty plea "to correct a manifest injustice." "Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 361 N.E.2d 1324, 49 Ohio St. 2d 261, 264 (Ohio 1977).

evidence claim, he is essentially arguing that, due to the discrepancy in the dates, he is actually innocent of the unlawful sexual conduct with a minor charge in Case No. 438531.  "The allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citations omitted) ("The appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"); *accord Swain v. United States*, 155 Fed. Appx. 827, 830 (6th Cir. 2005).  Nonetheless, the Sixth Circuit has "refused to recognize a theoretical 'free-standing' actual innocence claim."  *See D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n. 6 (6th Cir. 2008); *see also Schlup v. Delo*, 513 U.S. 298, 315 (1995) (A petitioner's actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.") (*quoting  Herrera v. Collins*, 506 U.S. 390, 404 (1993)).  Here, Quinones seeks relief solely on the basis of an actual innocence argument and thus presents a non-cognizable claim.

Even if such a claim were cognizable, Quinones would be required to present the court with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup*, 513 U.S. at 324; *See Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007).  Here, there was no trial and Quinones did not present any *new* evidence to support his claim, as the facts underlying his actual innocence claim were available to him at the time of his guilty plea. *See Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001).  The indictment set the date of the offense as occurring sometime between February 1, 2002 and March 31, 2002.  (Doc. No. 7, Exh. 5.)  Certainly,

-13-

Quinones knew whether or not he was incarcerated during that span of time yet chose to plead

guilty on August 26, 2003.[4]  (Doc. No. 7, Exh. 9.)

### V.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Quinones's Petition be

DENIED.

s/ Greg White
U.S. MAGISTRATE JUDGE

Date: December 8, 2008

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[4]  While the Court finds no constitutional violation, it bears noting that Quinones's conviction in Case No. 438531 resulted in a six month sentence to be served concurrently with his convictions in Case Nos. 435216 and 437597.  The convictions in these two latter cases resulted in respective sentences of eighteen months and ten years to be served consecutively.  (Doc. No. 7, Exhs. 23-25.)  Therefore, even had Quinones prevailed, his actual time in prison would not be affected.